UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | Civil Action No. 24-0445 (JEB) |

## ANSWER[1]

The Environmental Protection Agency ("Defendant" or "Department"), through undersigned counsel, hereby answers Public Employees for Environmental Responsibility and Center for Environmental Health's ("Plaintiffs'") complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically

---

[1]   For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

## PRELIMINARY STATEMENT

1.      The allegations in Paragraph 1 consist of legal conclusions and Plaintiffs' characterization of this action to which no response is required.

2.      As to the first sentence of this paragraph, Defendant admits that it received a FOIA request from Plaintiffs on January 5, 2023. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the request. As to the second and third sentences of this paragraph, Defendant admits that it has produced non-exempt portions of records responsive to the FOIA request, has initially withheld from release information claimed as confidential business information under FOIA Exemption (b)(4), and continues to produce non-exempt portions of responsive records on a rolling basis. The remaining allegations consist of legal conclusions to which no response is required.

3.      Defendant admits that it has not issued a final determination for FOIA request EPA-2023-001593. The remaining allegations consist of legal conclusions to which no response is required.

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and conditions of FOIA.

5.      This paragraph asserts conclusions of law, to which no response is required. To the extent a response is required, Defendant denies that declaratory relief is available in an action under FOIA.

6.     This paragraph asserts conclusions of law to which no response is required.  To the extent a response is required, Defendant admits only that this judicial district is a proper venue for actions brought under FOIA.

7.     This paragraph asserts conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies that there is a basis for the award of attorneys' fees and costs in this case.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendant admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f).

13.     This paragraph asserts conclusions of law to which no response is required.

**STATEMENT OF FACTS**

14.     Defendant admits that Plaintiffs submitted a FOIA request dated January 5, 2023. In further response, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations in this paragraph to the extent inconsistent with the content of that request.

15.     This paragraph characterizes Plaintiff's January 5, 2023 FOIA request, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court

3

to the FOIA request for a full and accurate statement of its contents and denies any allegations in this paragraph to the extent inconsistent with the content of that request.

16.     Admit.

17.     The allegations in Paragraph 17 consist of Plaintiffs' characterization of a January 13, 2023 email from EPA to Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

18.     As to the allegation in the first sentence of  Paragraph 18, Defendant respectfully refers the Court to the referenced January 18, 2023 letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that letter. The remaining allegations in this paragraph consist of Plaintiffs' characterization of two January 19, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

19.     The allegations in Paragraph 19 consist of Plaintiffs' characterization of a January 20, 2023 letter from EPA to Plaintiffs. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that letter.

20.     The allegations in Paragraph 20 consist of Plaintiffs' characterization of a January 23, 2023 email from Plaintiffs to EPA. The email speaks for itself and is the best evidence of its

contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

21.     As to the first sentence of Paragraph 21, Defendant admits. The second and third sentences of this paragraph appear to consist of Plaintiffs' characterization of January 24, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

22.     The allegations in Paragraph 22 consist of Plaintiffs' characterization of two January 31, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails. In particular, Defendant denies that the January 31, 2023 emails contain confirmation that "perfluoroalkyl" would be included in the search string.

23.     The allegations in Paragraph 23 consist of Plaintiffs' characterization of two February 16, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

24.     The allegations in Paragraph 24 consist of Plaintiffs' characterization of a February 22, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents.

Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

25.     The allegations in Paragraph 25 consist of Plaintiffs' characterization of a March 8, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

26.     The allegations in Paragraph 26 consist of Plaintiffs' characterization of March 9, 2023 email from Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

27.     The allegations in Paragraph 27 consist of Plaintiffs' characterization of an April 13, 2023 email from Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

28.     The allegations in Paragraph 28 consist of Plaintiffs' characterization of an April 14, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

29.     The allegations in Paragraph 29 consist of Plaintiffs' characterization of an April 19, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

30.     The allegations in Paragraph 30 consist of Plaintiffs' characterization of an April 28, 2023 email from Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

31.     The allegations in Paragraph 31 consist of Plaintiffs' characterization of a May 1, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

32.     The allegations in Paragraph 32 consist of Plaintiffs' characterization of two May 3, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

33.     The allegations in Paragraph 33 consist of Plaintiffs' characterization of a May 3, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate

statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

34.     The allegations in Paragraph 34 consist of Plaintiffs' characterization of a May 3, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email. Defendant admits that it has not communicated a final disposition on the eight SNUN attachments referenced in the May 3, 2023 email from EPA.

35.     The allegations in Paragraph 35 consist of Plaintiffs' characterization of three May 25, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails. In particular, Defendant denies that EPA's May 25, 2023 email indicated that a release should occur on June 14, 2023, but instead it provided a best estimate of June 14, 2023 for a document production.

36.     The allegations in Paragraph 36 consist of Plaintiffs' characterization of a May 26, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

37.     The allegations in Paragraph 37 consist of Plaintiffs' characterization of a May 30, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate

statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

38.     The allegations in Paragraph 38 consist of Plaintiffs' characterization of a June 1, 2023 email from Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

39.     Defendant admits only that EPA released the first interim production on June 15, 2023, which consisted of non-exempt portions of three responsive records.  Defendant respectfully refers the Court to the referenced records for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those records.

40.     The allegations in Paragraph 40 consist of Plaintiffs' characterization of a June 16, 2023 email from Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

41.     The allegations in Paragraph 41 consist of Plaintiffs' characterization of two July 12, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

42.     The allegations in Paragraph 42 consist of Plaintiffs' characterization of a July 13, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

43.     The allegations in Paragraph 43 consist of Plaintiffs' characterization of a July 17, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

44.     The allegations in Paragraph 44 consist of Plaintiffs' characterization of a July 20, 2023 production of records from EPA, to which no response is required. To the extent a response is required, Defendant admits only that EPA released the second interim production on July 20, 2023, which consisted of non-exempt portions of ten responsive records. The records speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced records for a complete and accurate statement of their contents and denies the remaining allegations in this paragraph.

45.     The allegations in Paragraph 45 consist of Plaintiffs' characterization of two August 2, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

46.     The allegations in Paragraph 46 consist of Plaintiffs' characterization of an August 3, 2023 letter from EPA. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that letter.

47.     The allegations in Paragraph 47 consist of Plaintiffs' characterization of two August 24, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

48.     The allegations in Paragraph 48 consist of Plaintiffs' characterization of a September 21, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

49.     The allegations in Paragraph 49 consist of Plaintiffs' characterization of two October 12, 2023 emails between EPA and Plaintiffs. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

50.     The allegations in Paragraph 50 consist of Plaintiffs' characterization of an October 13, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate

statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

51.     The allegations in Paragraph 51 consist of Plaintiffs' characterization of an October 23, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

52.     The allegations in Paragraph 52 consist of Plaintiffs' characterization of an October 26, 2023 production of records from EPA, to which no response is required. To the extent a response is required, Defendant admits only that EPA released the third interim production on October 26, 2023, which consisted of non-exempt portions of 198 responsive records. The records speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced records for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those records.

53.     Defendant admits that it received SNUN submissions from Inhance on September 29, 2023, and those submissions were manually uploaded to ChemView for publication on October 27, 2023. The remaining allegations in Paragraph 53 consist of Plaintiffs' characterization of the Inhance SNUN submissions to which no response is required. The submissions speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced submissions for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those documents.

54.     The allegations in Paragraph 54 consist of Plaintiffs' characterization of two November 6, 2023 emails between EPA and Plaintiffs. The emails speaks for themselves and are

the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

55.     The allegations in Paragraph 55 consist of Plaintiffs' characterization of a November 7, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

56.     The allegations in Paragraph 56 consist of Plaintiffs' characterization of two November 8, 2023 emails between EPA and Plaintiffs as well as a letter from Plaintiffs dated October 31, 2023. The communications speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced communications for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of these communications.

57.     Defendant admits that representatives from PEER and CEH met with individuals from EPA's Office of General Counsel on November 21, 2023 regarding confidential business claims made on records produced in response to FOIA request EPA-2023-001593. At that meeting, representatives for PEER and CEH presented a PowerPoint presentation. The PowerPoint presentation speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced presentation for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that presentation. The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions to which no response is required.

58.     The allegations in Paragraph 58 consist of Plaintiffs' characterization of a November 28, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

59.     The allegations in Paragraph 59 consist of Plaintiffs' characterization of a November 29, 2023 email from Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

60.     The allegations in Paragraph 60 consist of Plaintiffs' characterization of a November 30, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

61.     The allegations in Paragraph 61 consist of Plaintiffs' characterization of two November 30, 2023 emails between EPA and PEER. The emails speaks for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

62.     The allegations in Paragraph 62 consist of Plaintiffs' characterization of a December 1, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and

accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email. In particular, Defendant denies that it indicated that it would provide an estimated schedule for processing the information claimed as confidential in the company submissions. Defendant admits only that it has not yet provided a schedule for processing the information claimed as confidential.

63.     The allegations in Paragraph 63 consist of Plaintiffs' characterization of two December 1, 2023 emails from EPA. The emails speaks for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced emails for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those emails.

64.     Defendant admits only that Plaintiffs submitted to EPA a FOIA request dated December 1, 2023, which EPA assigned number 2024-EPA-00866. Defendant respectfully refers the Court to this FOIA request for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

65.     The allegations in Paragraph 65 consist of Plaintiffs' characterization of a December 7, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

66.     Defendant admits that EPA released a fourth interim production which consisted of non-exempt portions of 81 responsive records, but denies that  the production occurred on December 8, 2023.  Defendant further avers the fourth interim production was released on December 7, 2023.  The produced records speak for themselves and are the best evidence of their

contents. Defendant respectfully refers the Court to the referenced records for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those records.

67.     The allegations in Paragraph 67 consist of Plaintiffs' characterization of a December 21, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

68.     The allegations in Paragraph 68 consist of Plaintiffs' characterization of a December 22, 2023 email from Plaintiffs. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email. The allegations in this paragraph also contain Plaintiffs' legal conclusions to which no response is required.

69.     The allegations in Paragraph 69 consist of Plaintiffs' characterization of a December 22, 2023 email from EPA. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the referenced email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

70.     Defendant admits only that it has not issued a final determination for FOIA request EPA-2023-001593 and denies the remaining allegations. Defendant avers that it continues to produce non-exempt portions of responsive records on a rolling basis.

## CAUSE OF ACTION

71.     Defendant incorporates by reference its responses to paragraphs 1 through 70 above.

## RELEVANT PROVISIONS OF FOIA

72.     The allegations in Paragraph 72 consist of Plaintiffs' characterization of FOIA and Plaintiffs' legal conclusions to which no response is required. Defendant respectfully refers the Court to the cited authorities, FOIA, and applicable case law precedent for an accurate and complete statement of the law.  To the extent a response is required, Defendant respectfully refers the Court to these authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of these authorities.

73.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

74.     Deny.

75.     Deny.

76.     Defendant admits only that as of February 15, 2024, EPA had not issued a final determination for FOIA request EPA-2023-001593, and the remaining allegations are denied. Defendant avers that it continues to produce non-exempt portions of responsive records on a rolling basis.

77.     This paragraph asserts conclusions of law and Plaintiffs' requested relief to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents,

denies the allegations to the extent inconsistent with the content of the cited authorities, and denies that Plaintiffs are entitled to the relief requested.

78.     This paragraph contains conclusions of law to which no response is required.

## RELEVANT PROVISIONS OF TSCA

79.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

80.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

81.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

82.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

83.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

84.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

85.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

86.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

## VIOLATIONS OF TSCA AND FOIA

87.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

88.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

89.     This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory

authorities for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of the cited authorities.

90. Paragraph 90 contains Plaintiffs' characterization of released documents to which no response is required. Defendant respectfully refers the Court to the referenced submissions for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of those submissions.

91. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited information for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited information.

92. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

93. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

94. This paragraph asserts conclusions of law and Plaintiffs' requested relief to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authorities for a complete and accurate statement of their contents, denies the allegations to the extent inconsistent with the content of the cited authorities, and denies that Plaintiffs are entitled to the relief requested.

95. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

**RELIEF REQUESTED**

The remainder of Plaintiffs' Complaint contains Plaintiffs' request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that

Plaintiff is entitled to the relief requested.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

1.    The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

2.    Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in FOIA. *See* 5 U.S.C. § 552(b).

3.    Plaintiff is not entitled to records or portions of records not reasonably segregable from portions of records protected from disclosure by one or more of the exemptions to FOIA.

4.    In responding to Plaintiff's FOIA requests, Defendant is exercising due diligence considering the existence of exceptional circumstances. *See* 5 U.S.C. § 552(a)(6)(C).

5.    To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

6.    Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Date:   April 12, 2024
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Sam Escher*
        SAM ESCHER, D.C. Bar # 1655538
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-2531
        Sam.Escher@usdoj.gov

*Attorneys for the United States of America*