UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Civil Action No. 24-0445 (JEB) |

## JOINT STATUS REPORT

Public Employees for Environmental Responsibility ("PEER") and the Center for Environmental Health ("CEH") (collectively "Plaintiffs"), the United States Environmental Protection Agency ("EPA"), and Inhance Technologies LLC ("Inhance"), through undersigned counsel, file this joint status report in this Freedom of Information Act ("FOIA") case.

On April 15, 2024, the Court ordered the parties to confer and submit a joint proposed briefing schedule by April 24, 2024. *See* Min. Order (Apr. 15, 2024). The parties have since conferred but disagree about how to proceed with the case. The parties explain their positions below.

### PLAINTIFFS

Plaintiffs, two public health and environmental groups, filed a FOIA request on January 5, 2023, for documents in the possession of EPA relating to the formation of harmful Per- and Polyfluoroalkyl substances ("PFAS") during the fluorination of plastic containers by intervenor Inhance. These substances, also called "forever chemicals," have prompted urgent concern in the US and globally due to their persistence, buildup in people and the environment, and numerous

serious health effects at extremely low levels of exposure. EPA's investigation of the Inhance fluorination process culminated in orders issued on December 1, 2023, which found that its PFAS production presented an unreasonable risk of injury to health and the environment and banned the process under the Toxic Substances Control Act ("TSCA").[1]

Central to Plaintiffs' FOIA request are two classes of documents – data from testing conducted by Inhance to determine the types and levels of PFAS found in fluorinated containers and breakdowns of the general consumer, commercial and industrial applications for which these containers are used. To date, EPA has produced numerous documents in these classes but they all redact information that Inhance has claimed is Confidential Business Information ("CBI") under section 14 of TSCA and FOIA Exemption 4. Plaintiffs have repeatedly urged EPA to disallow Inhance's CBI claims because the redacted test data comprise part of a "health and safety study" that must be disclosed to the public under TSCA section 14(b)(2), and therefore may not be withheld under FOIA. Similarly, plaintiffs have urged EPA to deny CBI protection and FOIA withholding to breakdowns of container use categories because they must be publicly disclosed under TSCA section 14(b)(3)(B) as a "general description of . . . industrial, commercial or consumer functions and uses of a chemical substance or mixture."

Congress underscored the absolute nature of these disclosure requirements in section 14(b)(5) of TSCA, providing that where EPA receives a FOIA request for information "that is not protected from disclosure under this subsection, the Administrator *may not deny the request* on the basis of" the CBI protections in FOIA exemption 4 (emphasis supplied). However, that is exactly what EPA did here. Although plaintiffs presented their legal position in detail to EPA staff and

---

[1] The orders were vacated by the Fifth Circuit Court of Appeals on March 21, 2024. *Inhance Technologies, LLC v. US Environmental Protection Agency* (No. 23-60620). Further judicial and administrative proceedings are underway.

2

counsel, the Agency declined to apply TSCA's broad disclosure mandates to the redacted data but instead said it would conduct a document-by-document review of Inhance's CBI claims *after* it had completed its release of all redacted documents. EPA has provided no timeline for completing this CBI review.

Plaintiffs seek to file a motion for partial summary judgment determining that the redacted test data and use summaries do not comprise protected CBI but must be disclosed under section 14(b) of the Toxic Substances Control Act (TSCA) and FOIA.[2] The documents in question are a sizable portion of the records subject to plaintiffs' FOIA request; the redacted information is essentially identical (e.g. PFAS levels detected in container testing) and does not require document-specific analysis; the motion will present questions of law that turn on the wording and intent of TSCA and its application to FOIA; and a ruling by the Court will expedite review and disclosure of similar documents that have not yet been produced by EPA. Waiting for EPA to complete its response to the FOIA request and follow-up CBI review will add a year or more to the fifteen months that have already elapsed since the request was filed.

According to the DC Circuit, FOIA "places a premium on the rapid processing of FOIA requests," *Bonner v. U.S. Dept. of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991), and reflects "the need for speedy and final resolution of FOIA requests" *Afshar v. Department of State*, 702 F.2d 1125, 1137 n.18 (D.C. Cir. 1983). Thus, agencies must determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). This time period may only be extended for an additional ten working days in

---

[2] "Summary judgment is the preferred method of resolving cases brought under FOIA" *Evans v. U.S. Office of Personnel Management*, 276 F. Supp. 2d 34, 37 (D.D.C. 2003).

3

"unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). Similarly, Section 14(g)(1)(A) of TSCA sets a 90-day deadline by which EPA "must review and approve, in part and deny in part, or deny" CBI claims.

These deadlines have long since passed in this case.[3] The information that EPA has wrongly redacted as CBI is critical for public understanding of the health threat posed by tens of millions of plastic containers widely used in homes and businesses. Thus, delaying judicial resolution of the issues as proposed by EPA would not only violate the deadlines in FOIA and TSCA but run counter to the intent of FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

Plaintiffs propose to file their summary judgment motion by Friday, May 17th. Plaintiffs defer to the Court's discretion with respect to the date for Defendants' responses.

## EPA

EPA respectfully requests that briefing be deferred until after the Agency has completed production of responsive records and has completed all relevant confidentiality determinations.

Under the Toxic Substances Control Act (TSCA) and EPA's regulations, when information submitted under TSCA and claimed as confidential business information (CBI) is the subject of a FOIA request, the EPA General Counsel or their designee will review the confidentiality claims

---

[3] To the extent EPA believes that the Court should not entertain plaintiffs' claims because it has not completed its CBI review and plaintiffs have not exhausted their administrative remedies, the DC Circuit has rejected this position where, as here, the statutory deadlines for responding to FOIA requests have not been met. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 189-90 (D.C. Cir. 2013) ("the 20–working–day period (actually 30 working days with the unusual circumstances provision) is the relevant timeline that the agency must adhere to if it wants to trigger the exhaustion requirement before suit can be filed. . . [I]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court.")

under TSCA section 14(f),[4] and issue a final administrative determination addressing whether the claimed CBI is entitled to confidential treatment. 15 U.S.C. § 2613(f)(2)(A); 40 C.F.R. § 703.8. Prior to issuance of the final confidentiality determination, EPA will initially withhold the claimed CBI under FOIA Exemption 4. 5 U.S.C. § 552(b)(4); 40 C.F.R. part 703. As part of the confidentiality determination process, as here, EPA will contact the affected business(es) and provide an opportunity for the business(es) to substantiate or re-substantiate the CBI claims. 15 U.S.C. § 2613(f)(2)(A); 40 C.F.R. § 2.306; 40 C.F.R. §§ 703.5(h)(4), 703.8. EPA's Office of General Counsel then issues a confidentiality determination. 40 C.F.R. § 703.8. EPA can release information found not entitled to confidential treatment on the 31st calendar day following notice of the determination, to allow the affected business(es) the opportunity to challenge the determination in federal court. 40 C.F.R. § 703.8. Information found entitled to confidential treatment is withheld under FOIA Exemption 4 and not released. 5 U.S.C. § 552(b)(4); 40 C.F.R. part 703.

Here, EPA continues to process the FOIA and identify CBI claims, including review of approximately 280 identified claimed CBI documents. EPA has not yet sent out a request for substantiation because EPA has not finished its productions and identified all potential CBI. Once EPA has finished production and identified all claimed CBI, EPA plans to send out a substantiation request to Inhance Technologies, LLC and any other affected business(es). After EPA receives the substantiation response(s) or the time allowed for response has expired, EPA will issue final confidentiality determinations.

---

[4]  Plaintiffs cite TSCA section 14(g)(1)(A) to assert that the Agency has 90 days to complete review of any TSCA CBI claims; however, when the Agency receives a FOIA request for TSCA CBI, as here, the Agency reviews those CBI claims under TSCA section 14(f), which does not have a 90-day determination deadline. 15 U.S.C. § 2613(f)(2)(A).

Consistent with the estimated completion date provided to Plaintiffs on December 1, 2023, the Agency anticipates completing production of non-exempt portions of responsive records by June 1, 2024. Once final production is made, and the Agency is aware of the full universe of responsive records containing CBI claims, the Agency can provide an estimated completion date for the confidentiality determinations.

The Agency proposes that the parties submit a joint status report on June 28, 2024, to update the Court on the status of the FOIA request and to provide an estimated completion date for the confidentiality determinations. Further, to narrow the issues and shorten the time needed to complete the confidentiality determinations, the Agency further proposes that by June 28, 2024, the parties confer to identify CBI claimed information that Plaintiffs do not seek to challenge, if any. The Agency understands that Plaintiffs wish to file a motion for partial summary judgment; however, the Agency believes any such motion would be premature and would result in piecemeal litigation. *See Republican Nat'l Comm. v. Dep't of State*, Civ. A. No. 16-0486 (JEB), 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) ("If the Court made a decision limited only to these sixteen pages, conversely, it would open the door to burdensome piecemeal litigation—perhaps every month until State finishes productions in 2018. Both sides, in fact, have previously acknowledged that the most appropriate time for summary-judgment proceedings would be after the final production is delivered." (emphasis in original)). Briefing at this stage is premature because the EPA has not issued final confidentiality determinations on the CBI claims as required by TSCA and EPA's regulations, including whether TSCA requires disclosure. The preliminary Exemption 4 withholdings reflect only the information claimed as CBI by the affected business(es), and not EPA's final determination on what information is entitled to confidential treatment and must be withheld.

**INHANCE**

Inhance supports EPA's proposal that the Agency first produce public documents, and then be given some time to comply with its mandatory procedures for clearing confidential business information. *See, e.g.*, 40 C.F.R. § 2.204. Inhance also agrees with EPA that summary judgment briefing would be premature prior to the completion of that process.

Date:   April 24, 2024                                  Respectfully submitted,

/s/ Colleen E. Teubner
Colleen E. Teubner, DC Bar # 90003410
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
cteubner@peer.org

*Attorney for Plaintiff PEER*

/s/ Robert M. Sussman
Robert M. Sussman DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Center for Environmental Health*

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:         /s/ Sam Escher
        SAM ESCHER, D.C. Bar # 1655538
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-2531

Sam.Escher@usdoj.gov

*Attorneys for the Defendant EPA*

/s/ Catherine E. Stetson
Catherine E. Stetson (D.C. Bar No. 453221)
Susan M. Cook (D.C. Bar No. 462978)
Adam Kushner (D.C. Bar No. 426344)

HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer (D.C. Bar. No. CA00186)
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

*Attorneys for Intervenor Defendant Inhance Technologies LLC*