UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-0445 (JEB) |

## JOINT STATUS REPORT

Public Employees for Environmental Responsibility ("PEER") and the Center for Environmental Health ("CEH") (collectively "Plaintiffs"), the United States Environmental Protection Agency ("EPA"), and Inhance Technologies LLC ("Inhance"), through undersigned counsel, file this joint status report in this Freedom of Information Act ("FOIA") case.

To allow the parties additional time to confer, the Court granted Plaintiffs' request for an extension to file a further joint status report on July 9, 2024. *See* Min. Order (June 28, 2024). The parties continue to confer but disagree about the time necessary for EPA to complete the CBI determination process for the approximately 280 records still at issue. The parties explain their positions below.

### PLAINTIFFS

Plaintiffs, two public health and environmental groups, filed a FOIA request on January 5, 2023, for documents in the possession of EPA relating to the formation of harmful Per- and Polyfluoroalkyl substances ("PFAS") during the fluorination of plastic containers by intervenor Inhance. These substances, also called "forever chemicals," have prompted urgent concern in the

US and globally due to their persistence, buildup in people and the environment, and numerous serious health effects at extremely low levels of exposure.[1]

Despite further dialogue between the parties, they remain far apart on the administrative process and schedule for determining whether the redacted documents at issue in this case must be disclosed under FOIA. Accordingly, plaintiffs again seek leave to move for summary judgment on two classes of redacted documents for which confidential business information ("CBI") protection is expressly foreclosed under section 14(b) of the Toxic Substances Control Act ("TSCA").

Following submission of the initial JSR on April 24, 2024, EPA completed its production of redacted documents subject to plaintiffs' FOIA request on May 31, 2024. On June 26, 2024, EPA informed plaintiffs that it intended to complete CBI review of the redacted portions of these documents by mid-January 2025. In its July 3, 2024 response, plaintiffs agreed to narrow the scope of its FOIA request to focus largely on two classes of documents: (1) data from testing conducted by Inhance to determine the types and levels of PFAS found in fluorinated containers, and (2) breakdowns of the general consumer, commercial and industrial applications for which these containers are used.

As plaintiffs have consistently emphasized, the redacted test data comprise part of a "health and safety study" that must be disclosed to the public under TSCA section 14(b)(2), and therefore may not be withheld under FOIA Exemption 4. Similarly, breakdowns of container use categories

---

[1] EPA's investigation of the Inhance fluorination process culminated in orders issued on December 1, 2023, which found that its PFAS production presented an unreasonable risk of injury to health and the environment and banned the process under the Toxic Substances Control Act ("TSCA"). The orders were vacated by the Fifth Circuit Court of Appeals on March 21, 2024. *Inhance Technologies, LLC v. US Environmental Protection Agency* (No. 23-60620). EPA is considering additional actions to provide protection from unsafe exposures to PFAS present in fluorinated containers.

must be publicly disclosed under TSCA section 14(b)(3)(B) as a "general description of . . . industrial, commercial or consumer functions and uses of a chemical substance or mixture."

For these two classes of documents, plaintiffs proposed an expedited review process focused on whether CBI protection is barred under TSCA as a matter of law. Emphasizing that the redacted data are similar for all the testing documents and consist mainly of PFAS levels measured during testing, plaintiffs urged EPA to examine a representative cross-section of testing documents and determine whether the redacted data fall within the definition of "health and safety study" in section 3(8) of TSCA and EPA regulations at 40 CFR Part 716. If this determination is made, the remaining redacted testing documents would likewise be health and safety studies that cannot be withheld as CBI. We recommended completing the review of representative testing documents by August 15 and making CBI determinations for the remainder of the testing documents by September 1.

Plaintiffs also pointed out that there are relatively few Inhance documents containing redacted aggregated use, fluorination volume and market share information and that EPA could determine the application of section 14(b)(3) to this information fairly quickly. We proposed a deadline of September 15 for the completion of CBI determinations for these documents.

On July 9, 2024, EPA rejected plaintiffs' proposals. It agreed to modestly accelerate completion of its CBI determinations to December 20, 2024, but this was months later than plaintiffs recommended. Even though the same types of data were redacted from virtually all the testing documents and the redacted data fall squarely within the TSCA definition of "health and safety study," EPA claimed that it could not focus its review on representative testing documents because the Agency "will likely conduct a line-by-line review of the relevant CBI claims to determine what specific information is not entitled to confidential treatment," EPA also asserted

that it needed to provide Inhance an additional opportunity to justify its CBI claims even though such re-substantiation is permitted only "[if] necessary" under 40 C.F.R. § 703.8(c) and in this instance would be irrelevant if the redacted information does not qualify for CBI protection under TSCA section 14. Indeed, Congress made this explicit in section 14(b)(5) of TSCA, which directs that, where EPA receives a FOIA request for information "that is not protected from disclosure under this subsection, the Administrator *may not deny the request* on the basis of" the CBI protections in FOIA exemption 4 (emphasis supplied). To allow Inhance to re-justify CBI claims that TSCA expressly disallows would waste time and resources and block access to information that Congress determined should be disclosed to the public.[2]

According to the DC Circuit, FOIA "places a premium on the rapid processing of FOIA requests," *Bonner v. U.S. Dept. of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991), and reflects "the need for speedy and final resolution of FOIA requests" *Afshar v. Department of State*, 702 F.2d 1125, 1137 n.18 (D.C. Cir. 1983). Thus, agencies must determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). This time period may only be extended for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). Similarly, Section 14(g)(1)(A) of TSCA sets a 90-day deadline by which EPA "must review and approve, in part and deny in part, or deny" CBI claims. Contrary to EPA, no language in the statute indicates that this deadline is not applicable where a FOIA request is pending; indeed, the need for expeditious resolution of CBI claims is most compelling where members of the public have sought disclosure of the redacted information.

---

[2] EPA suggests that Inhance may have failed to substantiate its CBI claims at the time they were initially made but does not demonstrate that this is the case for the redacted documents at issue in this case.

These deadlines have long since passed in this case.[3] If EPA takes several more months for its CBI review but continues to withhold the documents at issue, the Court will need to resolve this case anyway. The Court should not deny plaintiffs their right to prompt judicial relief under FOIA so that EPA has more time to block disclosure of documents that cannot be withheld as a matter of law. This would run counter to the intent of FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

Plaintiffs thus seek leave to promptly file a motion for partial summary judgment determining that the redacted test data and use summaries cannot be protected as CBI but must be disclosed under section 14(b) of TSCA and FOIA.[4]

## EPA

Consistent with the April 24, 2024, Joint Status Report, EPA completed final production of non-exempt portions of responsive records on May 31, 2024. After final production, EPA re-reviewed all responsive records and identified approximately 320 records that contain information claimed as confidential business information (CBI). On June 26, 2024, EPA conferred with the parties and estimated that the Agency can complete the confidentiality determination process for

---

[3] To the extent EPA believes that the Court should not entertain plaintiffs' claims because it has not completed its CBI review and plaintiffs have not exhausted their administrative remedies, the DC Circuit has rejected this position where, as here, the statutory deadlines for responding to FOIA requests have not been met. *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 189-90 (D.C. Cir. 2013) ("the 20–working–day period (actually 30 working days with the unusual circumstances provision) is the relevant timeline that the agency must adhere to if it wants to trigger the exhaustion requirement before suit can be filed. . . [I]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court.")

[4] "Summary judgment is the preferred method of resolving cases brought under FOIA" *Evans v. U.S. Office of Personnel Management*, 276 F. Supp. 2d 34, 37 (D.D.C. 2003).

the approximately 320 records by mid-January 2025. On July 3, 2024, Plaintiffs agreed to narrow the CBI claims at issue in this litigation,[5] and EPA agreed to amend its estimated completion date. As a result, there remain approximately 280 records with contested CBI claims and EPA estimates that it can complete the confidentiality determination process for those claims by December 20, 2024. However, Plaintiffs disagree with this estimated completion date.[6]

Consistent with EPA's regulations and procedures, the Agency estimates that by December 20, 2024, the Agency can complete the confidentiality determination process for the approximately 280 records containing CBI claims.[7] This estimate is consistent with EPA's regulations and procedures and accounts for the time necessary for 1) the relevant business(es) to waive, substantiate, or resubstantiate their CBI claims; 2) EPA's review and analysis of each of the CBI claims and the relevant substantiations, including internal coordination with Agency experts; 3)

---

[5] Via email dated July 3, 2024, Plaintiffs agreed to limit EPA's CBI review to the following categories of CBI claims: "(1) records of testing conducted by or for Inhance to determine levels of Per- and Polyfluoroalkyl Substances (PFAS) formed during the fluorination of plastic containers; (2) general summaries of the different uses and volumes of fluorinated containers; and (3) analyses by Inhance or its consultants of the economic consequences of shutting down or phasing out the Inhance post-mold fluorination process."

[6] Specifically, Plaintiffs suggested that EPA split up its CBI review process, and review only a representative cross-section of CBI claims. As EPA stated to Plaintiffs previously, "while EPA may address the CBI claims categorically in its CBI determination, EPA cannot commit to review only a representative subset of claimed information. As part of the CBI determination process, if EPA determines that information is not entitled to confidential treatment, the Agency will likely conduct a line-by-line review of the relevant CBI claims to determine what specific information is not entitled to confidential treatment. Additionally, EPA cannot commit to split the CBI determination process into separate categories of information as that may result in a more difficult and time-consuming process. In particular, some records contain multiple categories of CBI claims and to try to address those CBI claims in separate determinations could result in confusing determinations. Based on EPA's initial review, it seems most efficient to evaluate all CBI claims simultaneously."

[7] This estimate may change if the affected companies waive any CBI claims or request an extension of time to substantiate the claims.

EPA's Office of General Counsel to draft and issue the required confidentiality determination(s); and 4) the 30-day notice requirement before release of any information determined not to be entitled to confidential treatment. 40 C.F.R. § 703.8.

Under the Toxic Substances Control Act (TSCA) and EPA's regulations, when information submitted under TSCA and claimed as CBI is the subject of a FOIA request, the EPA General Counsel or their designee will review the confidentiality claims under TSCA section 14(f) and issue a final administrative determination addressing whether the claimed CBI is entitled to confidential treatment. 15 U.S.C. § 2613(f)(2)(A); 40 C.F.R. § 703.8. As part of the confidentiality determination process, as here, EPA will contact the affected business(es) and provide an opportunity for the business(es) to waive, substantiate, or resubstantiate the CBI claims. 15 U.S.C. § 2613(f)(2)(A); 40 C.F.R. § 2.306; 40 C.F.R. §§ 703.5(h)(4), 703.8. EPA's Office of General Counsel then issues a confidentiality determination. 40 C.F.R. § 703.8. EPA can release information found not entitled to confidential treatment on the 31st calendar day following notice of the determination, to allow the affected business(es) the opportunity to challenge the determination in federal court. 40 C.F.R. § 703.8. Information found entitled to confidential treatment is withheld under FOIA Exemption 4 and not released. 5 U.S.C. § 552(b)(4); 40 C.F.R. part 703.

When information is initially submitted to EPA under TSCA, certain information claimed as CBI is exempt from substantiation under TSCA section 14(c)(2). However, the exemption from substantiating claims under 14(c)(2) does not apply to confidentiality claims reviewed under TSCA section 14(f), as is the situation here. 40 C.F.R. § 703.8(b). As a result, as part of the 14(f) review process, the Agency provides the company with an opportunity to substantiate their CBI claims where substantiation was not previously provided or resubstantiate their claims where EPA

has reason to believe the substantiation is incomplete or out of date. 15 U.S.C. § 2613(f)(2)(A); 40 C.F.R. § 703.8(c).

Plaintiffs assert that it is not necessary for EPA to request that the affected business(es) waive, substantiate, or resubstantiate its CBI claims here. However, the records at issue contain CBI claims that the submitting company initially asserted were exempt from substantiation under TSCA section 14(c)(2). As a result, those claims have not been substantiated and cannot be properly evaluated under the 14(f) review process. So, EPA must request substantiation from the affected business(es) to properly evaluate the claims. Further, it is in all parties' interest for EPA to request that the affected business(es) reevaluate CBI claims because the affected business(es) may potentially waive any unnecessary CBI claims, which could result in the voluntary release of additional information and could potentially expedite resolution of this case.

The Agency proposes that the parties submit a joint status report on September 16, 2024, to update the Court on the status of the confidentiality determination process. The Agency understands that Plaintiffs seek leave to file a motion for partial summary judgment; however, the Agency believes any such motion would be premature and would result in piecemeal litigation. *See Republican Nat'l Comm. v. Dep't of State*, Civ. A. No. 16-0486 (JEB), 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) ("If the Court made a decision limited only to these sixteen pages, conversely, it would open the door to burdensome piecemeal litigation—perhaps every month until State finishes productions in 2018. Both sides, in fact, have previously acknowledged that the most appropriate time for summary-judgment proceedings would be after the final production is delivered." (emphasis in original)). Briefing at this stage is premature because the EPA has not issued final confidentiality determinations on the CBI claims as required by TSCA and EPA's regulations, including whether TSCA requires disclosure. The preliminary Exemption 4

withholdings reflect only the information claimed as CBI by the affected business(es), and not EPA's final determination on what information is entitled to confidential treatment and must be withheld.

### INHANCE

Inhance agrees with EPA that Plaintiffs' proposal does not leave sufficient time for the administrative process surrounding confidentiality review, especially given that Plaintiffs are seeking access to hundreds of documents that contain Inhance's highly confidential information. Inhance will need a reasonable amount of time to review and respond, in the event that EPA proposes to release any portion of those documents into the public record over the coming months. Plaintiffs' proposal does not allow adequate time for that mandatory review.

Date:   July 10, 2024

Respectfully submitted,

Colleen E. Teubner, DC Bar # 90003410
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
cteubner@peer.org

*Attorney for Plaintiff PEER*

*/s/ Robert M. Sussman*
Robert M. Sussman DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Center for Environmental Health*

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

9

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Sam Escher*
     SAM ESCHER, D.C. Bar # 1655538
     Assistant United States Attorney
     601 D Street, N.W.
     Washington, D.C. 20530
     (202) 252-2531
     Sam.Escher@usdoj.gov

*Attorneys for the Defendant EPA*

*/s/ Susan M. Cook*
Catherine E. Stetson (D.C. Bar No. 453221)
Susan M. Cook (D.C. Bar No. 462978)
Adam Kushner (D.C. Bar No. 426344)

HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer (D.C. Bar. No. CA00186)
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

*Attorneys for Intervenor Defendant Inhance Technologies LLC*