UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Defendants. | Civil Action No. 24-0445 (JEB) |

## STATUS REPORT

The United States Environmental Protection Agency ("EPA") and Inhance Technologies LLC ("Inhance"), through undersigned counsel, file this status report in this Freedom of Information Act ("FOIA") case.

EPA and Inhance tried to confer with Plaintiffs about this status report; however, at the time of this filing, EPA and Inhance were not able to obtain Plaintiffs' position.

**PLAINTIFFS**

**EPA**

EPA completed final production of non-exempt portions of responsive records on May 31, 2024. After final production, EPA re-reviewed all responsive records and identified approximately 320 records that contain information claimed as confidential business information (CBI). On July

3, 2024, Plaintiffs agreed to narrow the CBI claims at issue in this litigation.[1] As a result, there remain approximately 280 records with contested CBI claims that EPA must evaluate through its CBI determination process.

Consistent with EPA's regulations and procedures, on August 8, 2024, EPA sent Inhance a request to substantiate its CBI claims within 15 working days, by August 29, 2024.[2] However, on August 14, 2024, "[g]iven the amount and size of the documents and number of CBI claims that must be substantiated," Inhance submitted a request to EPA to extend the substantiation deadline 60 days, to October 28, 2024. On August 21, 2024, EPA partially granted this request and extended the deadline 45 days, to October 14, 2024.

On October 10, 2024, Inhance submitted a letter to EPA requesting an additional 14-day extension, to October 28, 2024. In the letter, Inhance indicated that it intends to produce updated versions of documents where it has narrowed previously asserted CBI claims, but requested the additional time because some of those documents consist of hundreds of pages and it is taking Inhance significant time to complete the redactions. On October 14, 2024, Inhance submitted to EPA its narrative substantiation as well as a corresponding index but has not yet submitted the updated sanitized documents. On October 15, 2024, EPA granted Inhance a short extension to Monday, October 21, 2024, to submit the updated sanitized records. Once Inhance submits the

---

[1]     Via email dated July 3, 2024, Plaintiffs agreed to limit EPA's CBI review to the following categories of CBI claims: "(1) records of testing conducted by or for Inhance to determine levels of Per- and Polyfluoroalkyl Substances (PFAS) formed during the fluorination of plastic containers; (2) general summaries of the different uses and volumes of fluorinated containers; and (3) analyses by Inhance or its consultants of the economic consequences of shutting down or phasing out the Inhance post-mold fluorination process."

[2]     All CBI claims in the approximately 280 records still at issue are contained or reflected in the 262 records Inhance was required to substantiate.

updated sanitized records, EPA will produce the updated sanitized records to Plaintiffs via FOIAXpress.

Given the extension requests in this matter and EPA's granting of 52 additional days for Inhance to complete its substantiation and submit updated sanitized records, EPA estimates that EPA's Office of General Counsel (OGC) will complete its CBI determination for the approximately 280 records at issue by January 31, 2025. This estimate is consistent with EPA's regulations and procedures and accounts for 1) the time necessary for EPA's review and analysis of each of the approximately 280 records containing CBI claims and the relevant substantiations, including internal coordination with Agency experts; and 2) OGC to evaluate the claims, and draft and issue the required confidentiality determination. EPA can release information found not entitled to confidential treatment on the 31st calendar day following notice of the determination, to allow the affected business(es) the opportunity to challenge the determination in federal court. 40 C.F.R. § 703.8.

The Agency proposes that the parties submit a joint status report by December 20, 2024, to update the Court on the status of the confidentiality determination process.

## INHANCE

The records being reviewed by EPA are voluminous and include highly sensitive customer information, descriptions of proprietary processes, and trade-secrets integral to Inhance's business. Inhance defers to EPA's estimate of the time the agency needs to (1) complete its review of the approximately 280 records at issue; (2) consider Inhance's substantiations; and (3) render its ultimate confidentiality determination. Inhance reads the above position statement to suggest that EPA is planning to do that by January 31, 2025.

Inhance is confident that it properly claimed confidentiality protection, consistent with the requirements in TSCA at 15 USC § 2613 and the relevant implementing regulations, for those

documents subject to EPA's substantiation request. If EPA were to disagree, however, Inhance

then has 30 calendar days, running from the next business day following the date EPA's contrary

position is made available to Inhance via the on-line CDX system, to bring a legal challenge before

EPA may turn over any documents to Plaintiffs. 40 C.F.R. § 703.8(f). By our count, that would

mean that EPA would be in a position to turn over any additional documents to PEER no sooner

than March 5, 2025.

Date:   October 21, 2024                          Respectfully submitted,

 

Colleen E. Teubner, DC Bar # 90003410
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
cteubner@peer.org

*Attorney for Plaintiff PEER*

 

Robert M. Sussman DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Center for Environmental
Health*

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Sam Escher*
SAM ESCHER, D.C. Bar # 1655538
Assistant United States Attorney

601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Attorneys for the Defendant EPA*

/s/ Susan M. Cook

Susan M. Cook (D.C. Bar No. 462978)
Catherine E. Stetson (D.C. Bar No. 453221)
Marlan Golden (D.C. Bar No. 1673073)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-6684
Fax: (202) 637-5910
susan.cook@hoganlovells.com

J. Tom Boer (D.C. Bar. No. CA00186)
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

*Attorneys for Intervenor Defendant Inhance
Technologies LLC*