UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
et al.,

       Plaintiffs,

  v.

ENVIRONMENTAL PROTECTION
AGENCY, et al.,

       Defendants.

Civil Action No. 24-0445 (JEB)

## AMENDED STATUS REPORT

Public Employees for Environmental Responsibility ("PEER") and the Center for Environmental Health ("CEH") (collectively "Plaintiffs"), the United States Environmental Protection Agency ("EPA"), and Inhance Technologies LLC ("Inhance"), through undersigned counsel, file this amended status report in this Freedom of Information Act ("FOIA") case.

## PLAINTIFFS

In the joint status report filed on July 10, 2024, EPA estimated that it would complete confidentiality determinations for the redacted documents at issue by December 20, 2024. However, EPA is now projecting that it will not issue these determinations until January 31, 2025, over two years after plaintiffs' Freedom of Information Act ("FOIA") request was filed. This delay is the result of Inhance's requests for extensions of time to substantiate its claims of Confidential Business Information ("CBI"). Although EPA initially set a deadline of 15 working days to provide this substantiation, it ultimately gave Inhance nearly two additional months to complete this task. Once EPA issues its confidentiality determination, Inhance will have 30 days more days to file a

challenge in federal court, delaying disclosure of documents found not to warrant CBI protection to March 5, 2025.

While Inhance claims that the documents in dispute are "voluminous, plaintiffs narrowed their FOIA request on July 3, 2024 to predominantly cover only information that Congress determined could not be treated as CBI. Most of these documents consist of the results of testing of plastic containers fluorinated by Inhance to determine levels of Per- and Polyfluoroalkyl Substances ("PFAS"). These test data qualify as "health and safety studies" that EPA cannot withhold under section 14(b)(2) of TSCA. We have repeatedly emphasized that these testing records are nearly identical in format and content and present a simple, cross-cutting issue that can be quickly resolved.

Plaintiffs also believe that, properly construed, TSCA in fact directs EPA to immediately disclose health and safety data under FOIA and precludes the Agency from conducting a lengthy CBI substantiation and determination process as it has done here. Should further delays occur in completing that process, plaintiffs reserve the right to again ask the Court to entertain a summary judgment motion that seeks to compel expeditious release of the withheld test data.

**EPA**

EPA completed final production of non-exempt portions of responsive records on May 31, 2024. After final production, EPA re-reviewed all responsive records and identified approximately 320 records that contain information claimed as confidential business information (CBI). On July 3, 2024, Plaintiffs agreed to narrow the CBI claims at issue in this litigation.[1] As a result, there

---

[1]     Via email dated July 3, 2024, Plaintiffs agreed to limit EPA's CBI review to the following categories of CBI claims: "(1) records of testing conducted by or for Inhance to determine levels of Per- and Polyfluoroalkyl Substances (PFAS) formed during the fluorination of plastic containers; (2) general summaries of the different uses and volumes of fluorinated containers; and

remain approximately 280 records with contested CBI claims that EPA must evaluate through its CBI determination process.

Consistent with EPA's regulations and procedures, on August 8, 2024, EPA sent Inhance a request to substantiate its CBI claims within 15 working days, by August 29, 2024.[2] However, on August 14, 2024, "[g]iven the amount and size of the documents and number of CBI claims that must be substantiated," Inhance submitted a request to EPA to extend the substantiation deadline 60 days, to October 28, 2024. On August 21, 2024, EPA partially granted this request and extended the deadline 45 days, to October 14, 2024.

On October 10, 2024, Inhance submitted a letter to EPA requesting an additional 14-day extension, to October 28, 2024. In the letter, Inhance indicated that it intends to produce updated versions of documents where it has narrowed previously asserted CBI claims, but requested the additional time because some of those documents consist of hundreds of pages and it is taking Inhance significant time to complete the redactions. On October 14, 2024, Inhance submitted to EPA its narrative substantiation as well as a corresponding index. On October 15, 2024, EPA granted Inhance a short extension to Monday, October 21, 2024, to submit the updated sanitized records. It appears Inhance attempted to submit updated sanitized records to EPA on October 16, 2024; however, there seems to be a technical issue with EPA receiving the records. EPA will work with Inhance to resolve this issue. Once the technical issue is resolved, EPA will produce the updated sanitized records to Plaintiffs via FOIAXpress.

---

(3) analyses by Inhance or its consultants of the economic consequences of shutting down or phasing out the Inhance post-mold fluorination process."

[2]      All CBI claims in the approximately 280 records still at issue are contained or reflected in the 262 records Inhance was required to substantiate.

Given the extension requests in this matter and EPA's granting of 52 additional days for Inhance to complete its substantiation and submit updated sanitized records, EPA estimates that EPA's Office of General Counsel (OGC) will complete its CBI determination for the approximately 280 records at issue by January 31, 2025. This estimate is consistent with EPA's regulations and procedures and accounts for 1) the time necessary for EPA's review and analysis of each of the approximately 280 records containing CBI claims and the relevant substantiations, including internal coordination with Agency experts; and 2) OGC to evaluate the claims, and draft and issue the required confidentiality determination. EPA can release information found not entitled to confidential treatment on the 31st calendar day following notice of the determination, to allow the affected business(es) the opportunity to challenge the determination in federal court. 40 C.F.R. § 703.8.

The Agency proposes that the parties submit a joint status report by December 20, 2024, to update the Court on the status of the confidentiality determination process.

In response to Plaintiffs' section added today, EPA has already addressed many of Plaintiffs' arguments in prior joint status reports and at the August 27, 2024, status hearing. Contrary to Plaintiffs' assertion, under TSCA and EPA's regulations, EPA is required to evaluate CBI claims before any information determined to be not entitled to confidential treatment can be released. 15 U.S.C. § 2613(f); 40 C.F.R. part 703.

## INHANCE

The records being reviewed by EPA are voluminous and include highly sensitive customer information, descriptions of proprietary processes, and trade-secrets integral to Inhance's business. Inhance defers to EPA's estimate of the time the agency needs to (1) complete its review of the approximately 280 records at issue; (2) consider Inhance's substantiations; and (3) render its

ultimate confidentiality determination.  Inhance reads the above position statement to suggest that EPA is planning to do that by January 31, 2025.

Inhance reviewed approximately 15,000 pages of documents in connection with its substantiation obligations.  As contemplated by TSCA, 15 U.S.C. § 2613(e)(2), Inhance requested an extension of its substantiation deadline (originally 15 working days) to complete that review.  EPA approved an extension.  Inhance completed its submission in advance of the extended deadline, submitting both its narrative substantiation as well as a corresponding index on October 14.  Inhance received confirmation of its submission of the newly updated substantiated documents to EPA as of October 17.

Inhance is confident that it properly claimed confidentiality protection, consistent with the requirements in TSCA at 15 U.S.C. § 2613 and the relevant implementing regulations, for those documents subject to EPA's substantiation request.  (Inhance disagrees with Plaintiffs' suggestions that it has improperly claimed information as CBI, but will refrain from getting into argument about the nature of the redactions as beyond the scope of this joint status report.)  If EPA were to disagree, however, Inhance then has 30 calendar days, running from the next business day following the date EPA's contrary position is made available to Inhance via the on-line CDX system, to bring a legal challenge before EPA may turn over any documents to Plaintiffs.  40 C.F.R. § 703.8(f).  By our count, that would mean that EPA would be in a position to turn over any additional documents to PEER no sooner than March 5, 2025.

Date:   October 22, 2024                         Respectfully submitted,

_____
Colleen E. Teubner, DC Bar # 90003410
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610

Silver Spring, MD 20910
(202) 464-2293
cteubner@peer.org

*Attorney for Plaintiff PEER*

/s/ Robert Sussman
Robert M. Sussman, DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Center for Environmental*
*Health*

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ Sam Escher
        SAM ESCHER, D.C. Bar # 1655538
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-2531
        Sam.Escher@usdoj.gov

*Attorneys for the Defendant EPA*

/s/ Susan M. Cook
Susan M. Cook (D.C. Bar No. 462978)
Catherine E. Stetson (D.C. Bar No. 453221)
Marlan Golden (D.C. Bar No. 1673073)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-6684
Fax: (202) 637-5910
susan.cook@hoganlovells.com

J. Tom Boer (D.C. Bar. No. CA00186)
HOGAN LOVELLS US LLP

4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

*Attorneys for Intervenor Defendant Inhance*
*Technologies LLC*