UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>　　Defendants. | Civil Action No. 24-445 (JEB) |
| INHANCE TECHNOLOGIES LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LEE ZELDIN, in his official capacity as ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>　　Defendants. | Civil Action No. 25-980 (JEB) |

**ORDER**

　　This consolidated action features two suits: the first brought by environmental groups against the Environmental Protection Agency seeking the release of records under the Freedom of Information Act (No. 24-445) and the second filed by Inhance Technologies LLC to block such release, at least in part (No. 25-980). While the parties are now in the midst of summary-judgment briefing, BP Polymers (which is not a party to the case) has moved to intervene solely

1

for the purpose of striking material in Inhance's motion for summary judgment. See ECF 34-1 (Mot. to Interv.). Alternatively, even if not granted intervention, BP Polymers asks the Court to strike the material under Federal Rule of Civil Procedure 12(f). Id. at 1. The Court will permit intervention but deny the Motion to Strike.

BP Polymers is a direct competitor of Inhance in the plastics market. Id. It maintains that Inhance's summary-judgment brief's "references to and framing of [a BP Polymers] Letter [to the EPA] is misleading and prejudicial to BP Polymers — not to mention, irrelevant to the merits of the summary judgment motion." Id. at 4. Inhance responds that BP Polymers misinterprets the statements in its brief and maintains that the proposed intervenor "has not shown (nor could it) that anything stated in the summary judgment brief may 'as a practical matter impair or impede' its ability to protect its reputation." ECF No. 35 (Inhance Resp.) at 5 (quoting Fed. R. Civ. P. 24(a)(2)).

The parties spill considerable ink on the factors related to intervention. See Mot. to Interv. at 6–9; Inhance Resp. at 2–9. The Court will not follow suit because even if BP Polymers did not qualify for intervention as of right, the Court believes that it should be allowed to permissively intervene. See Fed. R. Civ. P. 24(a) & (b). That brings us to whether or not the material in Inhance's brief should be stricken. This raises disputed questions relating to whether that brief is a "pleading," whether Rule 12(f) supports striking the material, and, most significantly, whether Inhance's reference in its brief in fact mischaracterizes BP Polymers' Letter and also causes that company harm.

The Court wonders if the juice elicited from such fruit is worth the squeeze. If this were a situation in which a party had entered plainly "impertinent[] or scandalous matter" on the record, see Fed. R. Civ. P. 12(f), this analysis might be necessary. Here, however, the question is

3

nuanced, and BP Polymers has now placed on the record a lengthy rebuttal to Inhance's statements in both its Motion and Reply. Its purpose of not letting such statements appear as uncontested fact has thus been achieved. In such an instance, the Court does not believe that more is required.

    It accordingly ORDERS that BP Polymers' [34] Motion to Intervene is GRANTED, and its Motion to Strike is DENIED.

                                                        /s/ *James E. Boasberg*
                                                        JAMES E. BOASBERG
                                                        United States District Judge

Date: December 3, 2025