UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> **Defendants.** | Civil Action No. 24-445 (JEB) |
| INHANCE TECHNOLOGIES LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> LEE ZELDIN, in his official capacity as ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> **Defendant.** | Civil Action No. 25-980 (JEB) |

## MEMORANDUM OPINION

This consolidated action features two suits. In the first, No. 24-445, Public Employees for Environmental Responsibility (PEER) and the Center for Environmental Health (CEH) seek the release of records, under the Freedom of Information Act, pertaining to a suspected chemical contamination. The second, No. 25-980, is a reverse-FOIA suit by Inhance Technologies LLC to block such release. The parties are currently in the midst of summary-judgment briefing related to the Environmental Protection Agency's final decision to partially release what Inhance alleges

1

is confidential research-and-development information.  As Inhance also challenges the adequacy of the administrative record provided by the agency in relation to its determination, the company now moves this Court to require the completion or supplementation of that record by including its initial Confidential Business Information (CBI) Substantiation Forms.  See ECF No. 30-1 (Mot.) at 1.  Finding that Plaintiff has put forth non-speculative grounds that the Forms were before EPA and relied upon in the course of its decision, the Court will grant the Motion to complete the administrative record.

## I.  Background

Sometime in late 2020, EPA began investigating per- and polyfluoroalkyl substance (PFAS) contamination stemming from Inhance's fluorination of plastic containers.  See Mot. at 2; ECF No. 40 (Opp.) at 4.  After EPA issued a subpoena and a Notice of Violation, Inhance turned over various business records related to its fluorination process, while asserting confidentiality protections under section 14 of the Toxic Substances Control Act (TSCA), see Mot. at 2; ECF No. 40-1 (Declaration of Joan Kaminer), ¶¶ 4–7, which protects sensitive commercial and financial information.  See 15 U.S.C. § 2613.  Inhance supported its claims via CBI Substantiation Forms in accordance with TSCA, see 15 U.S.C. §§ 2613(c)(1)(A)–(B), (c)(3), and associated EPA regulations.  See 40 C.F.R. § 703.5; Mot. at 3; Kaminer Decl., ¶¶ 6–7.

PEER and CEH filed a FOIA request on January 5, 2025, with the EPA, seeking information regarding the formation of PFAS during Inhance's fluorination of plastic containers.  See Kaminer Decl., ¶ 8.  Of around 390 responsive records, EPA produced some but withheld others.  Id., ¶¶ 9–10.  As relevant here, "approximately 270" records containing information Inhance claimed as CBI remain withheld under FOIA Exemption 4, id., ¶ 11, which protects "trade secrets as well as commercial or financial information."  32 C.F.R. § 1662.21.  EPA then

instructed Inhance to "reassert and substantiate or resubstantiate" its confidentiality claims for a final determination. See ECF No. 40-2 (EPA Letter to Inhance) at ECF p. 1. After a series of extensions, on October 14, 2024, Inhance's counsel responded with a narrative substantiation and corresponding index for all CBI claims it sought to maintain. See Kaminer Decl., ¶ 16. EPA contends that Inhance did not attach or reference any prior substantiation of its CBI claims in its October response. Id., ¶ 17.

On February 28, 2025, EPA's Office of General Counsel issued a final confidentiality determination regarding the withheld information. Id., ¶ 21. The OGC determined that Inhance met the requirements for confidential treatment under TSCA section 14 for some but not all the data. Id., ¶¶ 21–22. Inhance, unsatisfied, filed a reverse-FOIA lawsuit challenging that decision. Inhance Techs. v. Zeldin, No. 25-980, ECF No. 1 (Compl.) (D.D.C. Apr. 2, 2025). This Court consolidated that suit with PEER and CEH's ongoing FOIA action. See Minute Order of May 15, 2025.

On July 30, 2025, EPA filed a certified administrative record index "of documents and materials considered by EPA when issuing the February 28, 2025, CBI determination at issue." ECF No. 28 (Administrative Record Index) at ECF p. 1. The administrative record index includes Inhance's secondary substantiation, provided October 14, 2024, but excludes its initial CBI Substantiation Forms. See ARI at ECF pp. 5–6; Mot. at 4. After unsuccessful negotiations with Defendants, Inhance now asks this Court to order EPA to complete or supplement the administrative record to add the Forms. See Mot. at 4.

**II.    Legal Standards**

"Reverse FOIA cases seek review of informal agency adjudications, and thus are reviewable under Section 706 of the Administrative Procedure Act." Nat'l Bus. Aviation Ass'n,

Inc. v. FAA, 686 F. Supp. 2d 80, 84 (D.D.C. 2010) (citing Occidental Petroleum Corp. v. SEC, 873 F.2d 325, 337 (D.C. Cir. 1989)).  In such regulatory challenges, the court's "review is to be based on the full administrative record that was before the Secretary at the time [s]he made h[er] decision." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); see also 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party.").  As part of the record, the court may consider "any document that might have influenced the agency's decision" and not merely those documents the agency expressly relied on in reaching its final determination.  Nat'l Courier Ass'n v. Bd. of Governors of Fed. Reserve Sys., 516 F.2d 1229, 1241 (D.C. Cir. 1975); see also Amfac Resorts, LLC v. U.S. Dep't of the Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).  The goal, ultimately, is for the court to have before it a "record that delineates the path by which [the agency] reached its decision."  Occidental Petroleum Corp., 873 F.2d at 338.

The agency is responsible for producing such administrative record.  See Univ. of Colo. Health at Mem'l Hosp. v. Burwell, 151 F. Supp. 3d 1, 12 (D.D.C. 2015).  When it does so, the record "is entitled to a strong presumption of regularity." Sara Lee Corp. v. Am. Bakers Ass'n, 252 F.R.D. 31, 34 (D.D.C. 2008); see also Marcum v. Salazar, 751 F. Supp. 2d 74, 78 (D.D.C. 2010).  A plaintiff may show that the record is "[i]nsufficien[t]" — *i.e.*, incomplete — only if she is able to "specif[y] . . . documents that ha[ve] been omitted."  NRDC v. Train, 519 F.2d 287, 291 (D.C. Cir. 1975).  In other words, "a plaintiff must put forth concrete evidence" and "identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." Marcum, 751 F. Supp. 2d at 78 (quoting Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 6 (D.D.C. 2006)).  Then, if the court finds that the record produced "clearly do[es] not constitute the 'whole record'

4

compiled by the agency," it will order the agency to <u>complete</u> the record.  <u>Overton Park</u>, 401 U.S. at 419 (quoting 5 U.S.C. § 706).

A party may also seek to <u>supplement</u> the administrative record with extra-record evidence not before the agency.  In reviewing agency action, "it is black-letter administrative law that . . . a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'"  <u>Hill Dermaceuticals, Inc. v. Food & Drug Admin.</u>, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting <u>Walter O. Boswell Mem'l Hosp. v. Heckler</u>, 749 F.2d 788, 792 (D.C. Cir. 1984)).  It is only in "certain limited, and highly exceptional, circumstances" that a court may permit a party to supplement the administrative record with extra-record information.  <u>Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior</u>, 667 F. Supp. 2d 111, 114–15 (D.D.C. 2009).

**III.    Analysis**

Finding that the facts of this case better fit completion of the administrative record, the Court does not consider the supplementation question.  Inhance puts forth two non-speculative grounds to believe that its initial CBI Substantiation Forms were omitted from the administrative record.  First, it was required to substantiate its confidentiality claims at the time of submission under TSCA and applicable EPA regulations.  <u>See</u> Mot. at 6.  Second, EPA used the Forms to identify records to withhold in response to PEER and CEH's FOIA request.  <u>Id.</u> at 6–7.  EPA plainly acknowledges the fact that the initial substantiations were in its possession.  <u>See</u> Kaminer Decl., ¶ 6 ("Inhance submitted . . . documents containing information Inhance claimed as CBI."); <u>see also</u> 40 C.F.R. § 703.5(b)(1) (when party submits documents containing purported CBI, it must simultaneously submit substantiation).  The agency also confirms that "EPA initially withheld all information claimed as CBI under FOIA Exemption 4."  Kaminer Decl., ¶ 10. Having shown that EPA possessed and considered the initial CBI Forms for its initial FOIA

review — which was one stage in the process that culminated in the agency's final decision — Plaintiff overcomes the "presumption of regularity" of the record. Sara Lee Corp., 252 F.R.D. at 34.

EPA nonetheless offers three counterarguments against including the Forms in the administrative record. See Opp. at 9–12. First, it posits that Inhance has not identified the materials omitted from the record with sufficient specificity. Id. at 9–10. Courts have indeed found insufficient specificity when the existence of documents or their presentation to the agency is questionable. See Blue Ocean Inst. v. Gutierrez, 503 F. Supp. 2d 366, 369–71 (D.D.C. 2007) (finding plaintiff's circumstantial evidence that administrative record lacked unspecified documents that "must have" existed given presence of certain other documents in record insufficient to overcome presumption of regularity); Pac. Shores, 448 F. Supp. 2d at 7 (finding documents retrieved from agency via FOIA request without further connection to decisionmaker insufficient). That is not the case here. Inhance points to forms that federal law required it to submit, see Mot. at 6, that were based on EPA's own templates, see ECF No. 29-2 (Sample Form), and that were received by EPA. See Kaminer Decl., ¶¶ 6–7. Defendant, moreover, referenced them to withhold information claimed as CBI from disclosure. Id., ¶¶ 10–11. Inhance has thus shared enough to explain "when the documents were presented to the agency, to whom, and under what context." Pac. Shores, 448 F. Supp. 2d at 7.

Second, EPA asserts that no showing of exclusion of adverse information or bad faith has been made. See Opp. at 11. But such showings are not needed to succeed on a motion to compel completion of the administrative record. This Court, recognizing the confusion in the caselaw, id. at 8, "agrees with its colleagues who have not required that an 'unusual circumstance' be demonstrated" in cases of completing the record, as opposed to supplementing

it with extra-record evidence. See Oceana, Inc. v. Ross, 290 F. Supp. 3d 73, 78 (D.D.C. 2018); cf. City of Duluth v. Jewell, 968 F. Supp. 2d 281, 288 (D.D.C. 2013) (indicating "unusual circumstances" standard applies to completing record) (quoting City of Dania Beach v. FAA, 628 F.3d 581, 590 (D.C. Cir. 2010)). For what it is worth, Defendant is correct that Inhance does not argue that the initial substantiations contain anything inconsistent with the final decision. See ECF No. 29-1 (Pl. MSJ) at 22 (arguing that EPA must consider original substantiations alongside resubstantiations, without asserting different outcome would necessarily obtain). There is thus no claim that the agency "deliberately or negligently" excluded "documents that may have been adverse to its decision." Est. of Insinga ex rel. Gilmore v. Comm'r, 149 F.4th 709, 722 (D.C. Cir. 2025) (quoting Dania Beach, 628 F.3d at 590).

Third, Defendant argues that Inhance seeks to introduce new evidence that it never sought to put in front of the agency. See Opp. at 5, 10. EPA posits that Inhance "had ample opportunity" to re-submit or refer to its initial CBI Forms at the time of re-substantiation, but it chose not to. Id. at 10 (quoting Theodore Roosevelt Conservation P'ship v. Salazar, 616 F.3d 497, 515 (D.C. Cir. 2010)); see also Kaminer Decl., ¶¶ 13, 17. But the forms are not new; they were held by the agency, and referred to, in the course of its FOIA review. See Kaminer Decl., ¶¶ 10–11. Defendant's error here is to narrow the record to substantiations expressly considered in rendering its final determination. Cf. Holy Land Found. for Relief & Dev. v. Ashcroft, 219 F. Supp. 2d 57, 65 (D.D.C. 2002) ("[T]he whole administrative record . . . includes 'all documents and materials directly or indirectly considered by agency decision-makers . . . .'") (quoting Thompson v. U.S. DOL, 885 F.2d. 551, 555 (9th Cir. 1989)). Yet "preliminary, procedural, or intermediate agency action . . . is subject to [judicial] review" of "final agency action" under the APA. See 5 U.S.C. § 704. EPA's treatment of Inhance's initial substantiations is thus fairly

within the scope of review alongside its final determination.  See Burns v. Dir., Off. of Workers' Comp. Programs, 41 F.3d 1555, 1561 (D.C. Cir. 1994) (finding that preceding non-final agency orders were properly before court upon review of final agency order under APA); Yaman v. U.S. Dep't of State, 634 F.3d 610, 613 (D.C. Cir. 2011) (similar).

      A brief look at Inhance's claims on the merits reveals that it asks this Court to evaluate EPA's lack of response to its initial confidentiality claims.  See generally Pl. MSJ.  It asserts that the agency failed to follow TSCA requirements in handling its initial CBI claims.  Id. at 20–24 (arguing that EPA was required to review the initial Substantiation Forms under TSCA, 15 U.S.C. § 2613(g)(1)(A), and associated regulatory schemes).  It maintains that such omission violated statutory requirements, deprived it of "fair notice," and contributed to the unreasonableness of the final confidentiality determination.  See Pl. MSJ at 20–21, 23, 24.  Whether Inhance's claims are of any merit is a question left to be decided at summary judgment, but adequate review calls for evaluation of EPA's treatment of the initial CBI substantiations.

      Last, as both parties suggest, the content of the initial substantiations may not be dispositive to either party's favored outcome.  Id. at 9 ("With or without the original substantiation forms, the disputed information is plainly confidential."); Opp. at 11 ("[I]t is unclear how [the initial confidentiality claims] would have affected EPA's February 28, 2025, final CBI decision.").  In other words, there is a very small risk of prejudice to the parties from a more comprehensive administrative record.  See Scenic Am., Inc. v. U.S. DOT, 49 F. Supp. 3d 53, 59 (D.D.C. 2014) ("Because granting the Motion does not change the outcome of this case, the Court will do so and will consider the additional materials . . . .").

### IV.    Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Motion to Complete the Administrative Record. A separate Order so stating will issue this day.

/s/ <i>James E. Boasberg</i><br>JAMES E. BOASBERG<br>Chief Judge

Date: March 2, 2026