**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al.,     )<br>)<br>)<br>)<br>) | |
|        *Plaintiffs*,     )<br>) | |
|        v.     ) | Civil Action No. 24-445 (JEB) |
| ENVIRONMENTAL PROTECTION AGENCY,     )<br>)<br>)<br>) | |
|        *Defendant*.     ) | |

| | |
|---|---|
| INHANCE TECHNOLOGIES LLC,     )<br>) | |
|        *Plaintiff*,     )<br>) | |
|        v.     ) | Civil Action No. 25-980 (JEB) |
| LEE ZELDIN, in his official capacity as ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,     )<br>)<br>)<br>)<br>)<br>) | |
|        *Defendant*.     ) | |

**INHANCE'S MEMORANDUM IN OPPOSITION TO
EPA'S MOTION FOR LEAVE TO SUBMIT CERTAIN
JOINT APPENDIX PAGES IN CAMERA, EX PARTE**

In connection with the APA portion of the above-captioned dispute, the parties submitted a

joint appendix earlier this month containing the agreed-upon portions of the administrative record

that the parties cited in their respective briefing. Those pages were submitted in redacted form,

exactly as the Government produced them in the administrative record that was shared with all

parties. The Government wants to re-submit three of those pages to the Court, this time in their

unredacted form for in camera and ex parte review.  EPA believes these three specific pages are representative examples of the basis for its decision denying certain confidentiality claims asserted by Inhance.  The records are relevant only to Case No. 25-980, the APA/reverse-FOIA action brought by Inhance.  They bear no relevance to the other half of this consolidated action, Case No. 24-445, which challenges EPA's decision to withhold from disclosure a separate set of Inhance's materials.  The Government's motion lacks merit and should be denied for several reasons.

1.       As a threshold matter, EPA's bid for in camera review in an APA/reverse-FOIA case is unsupported.  All the authorities that EPA invokes speak to a court's ability to examine underlying confidential materials in a traditional FOIA case.  *See* 5 U.S.C. § 552(a)(4)(B); *Mobley v. CIA*, 806 F.3d 568, 588 (D.C. Cir. 2015); *ACLU v. DOD*, 628 F.3d 612, 626–627 (D.C. Cir. 2011).  None of them involved APA/reverse-FOIA litigation, as this case does.  That is unsurprising because in the APA context, the court reviews the legality of the agency's confidentiality determinations on the basis of the administrative record produced by the agency.  *See Jurewicz v. Department of Agric.*, 741 F.3d 1326, 1330–31 (D.C. Cir. 2014).  Compare that with a typical FOIA action, where the court's fact-finding role makes de novo review appropriate.  *See Center for the Study of Servs. v. HHS*, 130 F. Supp. 3d 1, 11 n.10 (D.D.C. 2015).  That distinction matters, and it explains why EPA fails to cite a single reverse-FOIA precedent in justifying its request.

2.       Even in a conventional FOIA case, courts do not conduct in camera review of unredacted confidential documents absent compelling circumstances.  Courts do not resort to in camera inspection "simply on the theory that it can't hurt," *Spirko v. United States Postal Serv.*, 147 F.3d 992, 997 (D.C. Cir. 1998) (quotation omitted), and instead exercise restraint in granting such requests—which are often "neither necessary nor appropriate."  *Mobley*, 806 F.3d at 588 (quotation omitted); *see also PHE, Inc. v. DOJ*, 983 F.2d 248, 253 (D.C. Cir. 1993) (explaining

2

that in camera review "is generally disfavored" in this Circuit).  That presumption against in camera review holds true even in the FOIA cases that EPA cites (at 3), where the D.C. Circuit affirmed the lower courts' decisions rejecting such requests.  *See ACLU*, 628 F.3d at 626–627; *Mobley*, 806 F.3d at 588.

3.    To the extent that the Court finds EPA's citations to decisions in conventional FOIA cases relevant, EPA still fails to provide a compelling reason to allow in camera review here.  The specific documents at issue are already in the Court's possession in their redacted form.  *See* AR 160, 10179–80.  As for EPA's suggestion that the Court needs to review the unredacted documents in order to render a determination based on "the whole record," Mot. 3, Dkt. No. 81 (citation omitted), the unredacted materials appear nowhere in the Bates-stamped version of the administrative record that EPA produced to the parties.  The redacted versions that do appear in the record were already included in the joint appendix submitted to the Court, as EPA acknowledges (at 2).  *See* Dkt. No. 80-1 at 63 (AR 160); Dkt. No. 80-2 at 4–5 (AR 10179–80).

4.    What's more, all of EPA's contemporaneous reasoning is already before the Court in the agency's confidentiality determination letter.  *See* AR 12222–28.  Nothing in the three pages of disputed redactions will reveal EPA's justifications for its determination.  And EPA's argument (at 3) that the Court must independently review Inhance's confidential information to "evaluate" EPA's decision for these three selected pages (and only these three selected pages) underscores the inadequacy of the agency's reasoning in its final confidentiality determination in the first place.  The unredacted versions of the records will not shed any additional light on the agency's proffered reasoning for deciding that Inhance's information can be disclosed under FOIA and TSCA.

5.    Finally, the parties do not dispute what the underlying materials show.  Rather, the dispute turns on the "parties' differing interpretations" about whether disclosure will cause

3

competitive harm.  *Carter v. Department of Com.*, 830 F.2d 388, 393 (D.C. Cir. 1987).  The D.C. Circuit has explained that "in camera review is of little help" in these instances.  *Id.* (emphasis omitted).  That is especially the case here, given that EPA's rationale for seeking in camera review is readily apparent from the redacted versions already available in the joint appendix.  *Compare, e.g.*, Mot. 2, (seeking in camera review to show "that the test results generically identify test samples"), *with* AR 10179 (disclosing the generically coded samples and redacting only the sensitive test results).  EPA's request fails on its own terms.

6.      EPA's request for in camera review is also arbitrary in scope and thus prejudicial to Inhance.  EPA seeks to present only a small subset (three selected pages from two documents) of the 262 documents at issue (totaling more than 12,000 pages) to justify its conclusion that release of entire *categories* of Inhance's information is unlikely to cause the company competitive harm. *See* Mot. 2.  Plucking these scant excerpts from the administrative record and un-redacting them— and them alone—is inconsistent with EPA's approach to all the other materials containing confidential business information in the administrative record, including documents addressed in Appendix A of EPA's confidentiality determination letter.

For these reasons, EPA's motion should be denied.

Dated:  July 29, 2026                          Respectfully submitted,

                                                  */s/  Susan M. Cook*
                                                  Susan M. Cook (D.C. Bar No. 462978)
                                                  Adam M. Kushner (D.C. Bar No. 426344)
                                                  Marlan Golden (D.C. Bar No. 1673073)
                                                  Claire A. Rhodes (D.C. Bar No. 90016150)
                                                  Carly M. Heying (D.C. Bar No. 90029062)
                                                  HOGAN LOVELLS CADWALADER US LLP
                                                  555 Thirteenth Street, NW
                                                  Washington, D.C. 20004

Telephone: (202) 637-5600
Facsimile: (202) 637-5910
susan.cook@hlc.com

J. Tom Boer (D.C. Bar. No. 469585)
HOGAN LOVELLS CADWALADER US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2336
Facsimile: (415) 374-2499
tom.boer@hlc.com

*Attorneys for Inhance Technologies LLC*

5